REGAN, Judge.
Plaintiff, Dr. Ignatius DeMatteo, instituted this suit against the defendant, Sidney Smith, endeavoring to recover the sum of $130.00 for professional services rendered to the defendant primarily during the years of 1955 and 1956. Included in the plaintiff’s itemized statement is a claim for $8.00 for medical services performed in 1957 and 1958.
The defendant pleaded the exception of vagueness, asserting that plaintiff’s statement of account was illegible, and plaintiff filed a legible statement to cure this defect, defendant further pleaded the exception of prescription of three years, which the trial court overruled.
From a judgment in favor of plaintiff for $130.00, the defendant has prosecuted this appeal.
Since the defendant has conceded that he owes the amount plaintiff claims in the event his plea of prescription is overruled, the only question posed for our consideration by virtue of this appeal is whether the trial judge properly overruled his exception.
The doctor’s itemized statement reflects that defendant paid $3.00 on account in October 1956 and $5.00 on account in February 1958. Suit was filed on August 10, 1959.
Although the defendant testified that the 1958 payment was not to be applied on his old balance, and this was understood by plaintiff, he failed to produce any evidence to show that the 1956 payment was made with the understanding that it was not to be credited against his running account.
In view of the fact that suit was filed within three years from the October 1956 payment, the trial judge properly overruled *151 the defendant’s plea of prescription since it had the effect of interrupting prescription and began its running anew from that time.
Where the defendant relies upon the prescription of three years, but has made a partial payment within three years from the time suit was filed, he has the burden of establishing that the amount tendered was given with the understanding that it would not be applied against his running account.[1] This he has failed to do.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Williams v. Plumb, La.App., 366 So. 896 (1936).